(Judge Laubie, of the Seventh Circuit sitting in place of Judge Hale.)

PETER F. McGUIRE v. EAST CLEVELAND (VIL.) ET AL.

1. SIDEWALK RESOLUTION OF COUNCIL NOT ADOPTED IN COMPLIANCE WITH SEC. 1694 REV. STAT. INVALID.

A resolution of a village council, adopted by a majority of the members thereof, requiring that a certain sidewalk be laid under specified conditions and restrictions is a resolution of a general nature, and not having been read in the council on three different days, nor the rule providing that such reading may be dispensed with by a vote of three-fourths of the members not having been observed, as provided by Sec. 1694 Rev. Stat., it is invalid.

2. MUNICIPAL AUTHORITIES MAY BE ENJOINED FROM REMOVING SIDEWALK, WHEN.

The authorities of a village may be enjoined from removing a sidewalk that has been constructed substantially in compliance with the requirements of an ordinance, where the purpose for so doing is to relieve a dangerous condition resulting from tacit permission having been given by the village to neighboring residents on the same side of the street to lay walks considerably higher than the established grade.

3. INJUNCTION WILL NOT BE DENIED BECAUSE OF VIOLATION OF ORDINANCE, WHEN.

Relief by injunction against the removal of a walk by municipal authorities will not be denied upon the ground that plaintiff, for the purpose of laying his
32 O. C. C. Vol. 25.

walk, excavated within the street line in violation of an ordinance, when no more earth from within the street line was excavated than was reasonably necessary for the laying of the walk in accordance with the provisions of another ordinance establishing the street grade.

4. VILLAGE AFTER ESTABLISHING STREET GRADE CANNOT QUESTION ITS REASONABLE-NESS.

Where the grade of a street and the relation which the surface of the sidewalk should sustain to the surface of the paved portion of the street have been fixed by ordinance the village cannot question whether the grade as fixed by it is reasonable and proper, for it is bound by its own acts.

5. SPECIAL GRADE NOT ESTABLISHED WHEN WALKS WERE BUILT CONTRARY TO ORDINANCE.

Where property owners have been allowed to make improvements and lay their walks at a grade higher than that permitted by ordinance a special grade was not thereby established of which a person building a walk subsequent thereto was bound to take notice in disregard of such ordinance.

6. ACT RESULTING IN PERMANENT INJURY TO LOT MAY BE ENJOINED.

An act by a municipal corporation which will result in permanent injury to a lot therein by interfering with the ingress from and the egress to the street and with the easement which the owner thereof has in that portion of the street may be enjoined.

APPEAL from court of common pleas of Cuyahoga county.

J. F. Herrick, and Walter Hamilton, for plaintiff:

A municipal council in exercising its power and discretion to improve, repair, change and order sidewalks, must follow the statute, and the subject matter of its ordinances and resolutions must be reasonable and lawful. Elyria Gas & Water Co. v. Elyria, 57 Ohio St. 374 [49 N. E. Rep. 335] ; Southard v. Stephens, 27 Ohio St. 649 ; Fergus v. Columbus, 8 Dec. 290 (6 N. P. 82) ; Moore v. Hoffman, 13 Re. 1005 (2 C. S. C. 453) ; *dicta* in Kerlin Bros. Co. v. Toledo, 10 Dec. 509, 513 (8 N. P. 62) criticised.

Sidewalks being legally laid cannot be a nuisance. Lewis v. Railway Co. 7 Re. 566 (3 Bull. 1007) ; Goodall v. Crofton, 33 Ohio St. 271.

Resolution of council providing for change of grade is one of "a permanent nature," and is void unless read three times, or rules suspended, under Sec. 1694 Rev. Stat. Campbell v. Cincinnati, 49 Ohio St. 463 [31 N. E. Rep. 606] ; Thatcher v. Toledo, 10 Circ. Dec. 272 (19 R. 311).

Alfred Clum, for defendant.

MARVIN, J.

The defendant, the village of East Cleveland, is a municipal corporation of the state of Ohio ; the other defendant (Edward Leslie, street commissioner) is the officer of said village, having especial charge of its streets. The plaintiff is a citizen of said municipality.

One of the public highways of said municipality is Windemere street, extending southwardly from Euclid avenue, an east and west street, to another east and west street known as Terrace road.

The plaintiff owns two lots fronting on the west side of Windemere street. One of these lots has a frontage of one hundred feet, and the other of sixty feet, on said last-named street. The grade of said street was established by ordinance prior to the time when the matter discussed in this opinion occurred, and the street has been graded, paved and curbed in accordance with said established grade.

Ordinance No. 107 of said village was passed on September 7, 1900, and is in these words:

"Be it ordained by the council of the village of East Cleveland that all sidewalks hereafter constructed on any public street, or highway within the village of East Cleveland, shall be so laid that the top surface shall at all points coincide with a line described as follows: ·

" 'Beginning at the curb line, within the established curb grade as determined by the council, thence extending to the street line, at right angles to the curb line, with a rise of three-eighths of an inch to the foot.' "

Prior to 1903, property owners on the west side of Windemere street for one-half the distance or more from Terrace road to Euclid avenue had laid sidewalks in conformity with this ordinance, and in the fall of 1902, the plaintiff laid a sidewalk in front of his 100-foot lot in accordance with this ordinance, and nothing further need be said about this lot.

The grading of said Windemere street in accordance with the grade established by order of the council, was done in the summer of 1901. This grading northerly from a point about one-half the distance from Terrace road to Euclid avenue, necessitated a cut of from three or four inches to about twelve inches.

Prior to said grading and paving, many lots along this northerly half of the west side of Windemere street had been improved by the erection of good dwelling houses, the grading of lawns, the setting out of fine shade trees, and the laying of sidewalks—some of them ten or twelve inches higher than the elevation therefor provided in said ordinance No. 107, and nothing was done by the village authorities toward having any change made in these sidewalks; but, as averred in the answer filed by the village herein:

"The same was left in its former condition for the purpose of preserving the shade trees growing therein, thereby adding to the beauty of the street, the value of the property, and the enjoyment of the citizens of East Cleveland, particularly of the residents living on Windemere street."

The sixty-foot lot of this plaintiff is on this part of the street, where

the sidewalks are much higher than is provided by said Ordinance No. 107. Up to the month of April, 1903, this lot of plaintiff had no sidewalk in front of it; nor had the surface along where the sidewalk should be been cut down for the purpose of laying such sidewalk, but such surface was about on a level with the sidewalks in front of the lots abutting upon this lot both on the north and south sides.

At the time last mentioned the plaintiff graded his said lot and took away the earth along the front where the sidewalk should be, and laid a good sidewalk of flagging at the grade fixed by ordinance No. 107. This is about ten inches lower than the adjoining sidewalk both on the north and to the south, thereby making it inconvenient and, perhaps, dangerous to walk along said west side of Windemere street on the sidewalk. The village has put up some barrier or guard at each end of the plaintiff's walk, and has directed the defendant, Leslie, as street commissioner, to take up said sidewalk and relay the same at the same grade as the walk immediately on the north and south, and this will be done unless the defendants shall be enjoined. The plaintiff prays for such injunction.

On August 11, 1902, a resolution was introduced in the council of said village, and was voted for by a majority of the members of said council, which reads in part:

"*Resolved,* That a sidewalk on the westerly side of Windemere street, between Euclid avenue and Terrace road, be laid with stone or cement to the full width of five feet, and in conformity with the grade line of the sidewalk heretofore laid on said westerly side of Windemere street."
* * *

This resolution was not read on three different days in the council, nor was the rule requiring such reading dispensed with by a vote of three-fourths of the members elected to such council, as is required by Sec. 1694 Rev. Stat. for all by-laws, resolutions and ordinances of a general nature.

That this was a resolution of a general nature can hardly be doubted, and, indeed, is substantially admitted by defendant's counsel. See Thatcher v. Toledo, 10 Circ. Dec. 272 (19 R. 311) ; Campbell v. Cincinnati, 49 Ohio St. 463 [31 N. E. Rep. 606].

This resolution not having been legally adopted, cannot affect the decision of the case under consideration.

On the part of the defendant it is urged, however, that the defendant village, under Sec. 2640 Rev. Stat., is, through its council, required to keep the sidewalks in repair and free from nuisance, and because of the character of the sidewalk along this part of Windemere street, it is in a dangerous condition since the laying of plaintiff's walk, such council may take such means as to it shall deem best to abate the nuisance, and the case

of Wilhelm v. Defiance, 58 Ohio St. 56 [50 N. E. Rep. 18; 40 L. R. A. 294], is cited in support of this contention. The syllabus in that case reads:

"A municipal corporation, having in the proper mode provided for the construction of a sidewalk and notified the owner of abutting land, may require of him the construction of a sufficient walk in front of his premises, and, upon his default, may itself construct such walk and assess the cost thereof upon his land," etc.

Nothing in the case tends to establish that the municipal authorities may remove a sidewalk laid in accordance with the provisions of law and the ordinances of the municipality, for the purpose of relieving those whose walks are not so laid, from the obligation of properly laying their walks.

The situation here is this: The plaintiff constructed his walk substantially as the village ordinance required. His neighbors had been tacitly permitted to construct their walks in violation of the ordinance. The result is, that the walk, as a whole, is in a dangerous, or, in any event, a very bad condition. The village proposes to remedy this condition by interfering with the walk laid in pursuance of law, rather than by interfering with the walks of those maintained in violation of law—a most extraordinary way of righting a wrong! It would seem to the ordinary man that the proper thing for the village to do would be to make or cause to be made such alterations in the sidewalks in front of the premises of the neighbors of the plaintiff as to relieve the situation and make the sidewalk as a whole safe and free from nuisance.

It is urged, however, that the plaintiff is not entitled to relief by way of injunction, because his hands are not clean; that he, for the purpose of laying his sidewalk, excavated within the street line in violation of an ordinance of the village. This ordinance, which is No. 117, prohibits the excavation and removal of earth upon the street without a permit from the municipal authorities. Plaintiff removed so much earth along the line of his proposed sidewalk as was necessary for the laying of such walk in accordance with the provisions of ordinance No. 107.

It is hardly to be supposed that said ordinance No. 117 was intended to prohibit such removal. Doubtless, if he had removed more than was reasonably necessary for this purpose, he would have violated the spirit of this ordinance, but to do only what was necessary to comply with ordinance No. 107 should not be held to be a violation of No. 117, unless a fair construction of No. 117 necessitates such holding, which does not seem to be the case here.

Much was said on the hearing, and evidence was offered upon the question of what is a reasonable and proper grade for this sidewalk; but,

so far as the village is concerned, this is not an open question. It is bound by its own acts upon this subject. It fixed the grade of the street by ordinance, and fixed the relation which the surface of the sidewalk should sustain to the surface of the paved portion of the street by ordinance, and it cannot question that the grade so fixed by it is reasonable and proper.

A further contention on the part of the plaintiff is, that as the property owners for a considerable distance on either side of plaintiff's lot had been permitted to make improvements and lay their walks at the higher grade, a special grade was thus established for this portion of Windemere street. In support of this, the case of Akron v. Chamberlain Co. 34 Ohio St. 328, is cited. The language of the court, relied upon here, is found in the opinion of Judge McIlvaine, on page 336, and is in these words:

"The establishment of a grade whereby lot owners are justified in assuming that no change will be made in the grade of a street, and may, therefore, improve their lots with reference to its present condition, * * * does not necessarily require the passage of an ordinance or other legislative action; but it may be shown, by the nature of the improvement on the surface of the street, under the direction or sanction of the proper authorities, whether in accordance with an ordained grade line or not," etc.

The question under consideration by Judge McIlvaine was whether a municipal corporation would be bound by its acts showing that it recognized a certain grade of a street, where no grade had been established by ordinance, and the fair construction of the language quoted is only to the effect that it would be so bound, and not that it would *not* be bound by a grade established by ordinance, because it had permitted such use of the street as might indicate some other grade. Applied to the case under consideration, if the court should hold that plaintiff was bound, in putting down his sidewalk, to take notice of the grade at which his neighbors had put theirs down, he would have been bound to ignore an existing ordinance of the village, which surely could not be required of him.

It is urged further that if plaintiff is entitled to any remedy he must seek it in damages, and not by way of injunction.

The act which the village and the street commissioner propose to do will result in permanent injury to the lot of the plaintiff, which has been graded to conform to the sidewalk as it is now laid. It will interfere with the ingress to and egress from said lot; it will interfere with that easement which the plaintiff has in that portion of the street, and that easement our Supreme Court has said "is as much property as the land itself."

If the sidewalk is raised, as the defendants propose to raise it, it will constitute a permanent obstruction to plaintiff's access to his lot from the street. This is surely a proper subject of injunction.

Upon a full consideration of the case, the result reached is that the plaintiff is entitled to an injunction restraining the defendants, and each of them, from making any change in the sidewalk in front of plaintiff's sixty-foot lot, and a decree will be entered accordingly.

## CORPORATIONS—RECEIVERS.

[Cuyahoga (8th) Circuit Court, November 23, 1903.]

Hale, Marvin and Winch, JJ.

### W. D. SAYLE V. GUARANTEE SAVINGS & LOAN CO. ET AL.

1. EQUITY RECEIVER OF INSOLVENT COMPANY MAY RECOVER ASSETS FRAUDULENTLY TRANSFERRED.

    A receiver of an insolvent corporation appointed by a court under its general equity power, with authority "to bring all suits necessary in any court having jurisdiction thereof for the collection of debts and the prosecution of any suits or the defense of the same as may be necessary in the discharge of his duties," is the representative of the creditors, and may maintain an action, the same as the receiver of a dissolved corporation appointed under special statutory authority, to recover assets fraudulently transferred in disregard of the rights of creditors, notwithstanding such an action could not have been maintained by the corporation.

2. TRANSFER OF SECURITIES FOR WORTHLESS OBLIGATIONS BY INSOLVENT BANK FRAUD UPON CREDITORS, WHEN.

    The transfer of securities as collateral for a note for $17,925 by a banking company to a loan company in the settlement of suits growing out of certain alleged claims is a fraud upon the rights of the bank's creditors, and may be set aside and recovered at the suit of a receiver in their behalf, where it was known to the secretary of the bank, at the time he made the transfer, that the bank was insolvent, and it appears that the only consideration for the note were two checks for $11,000 each and the settlement of an apparent indebtedness of the banking company to the loan company for deposits aggregating $50,834.35, it being known to the secretary of the banking company, at the time he certified the checks to be good, and by the secretary and general manager of the loan company, at the time he accepted them, that the checks were forgeries, and which, in fact, were given upon no valid consideration or actual indebtedness, but in furtherance of a scheme between the secretaries of the two companies to make it appear that the loan company possessed assets which, in fact, it did not have, the only consideration for them being stocks and other obligations known by both parties to be valueless; and the apparent indebtedness for deposits representing no money actually deposited, but only notes, given, without consideration, by the secretary and general manager of the loan company, who was insolvent, in his own name and in the name of his company.

APPEAL by J. B. Livingston and F. L. Taft, trustees.

**Carpenter, Young & Stocker,** for plaintiff:

The plaintiff, as receiver, has authority to maintain this action